# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

IN RE: )
)
TANYA M. DENSMORE, ) Case. No. 08-00748-TOM-7
)
    Debtor. )

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S MOTION TO REOPEN IN PART AND DENYING MOTION IN PART

This case is before the Court on Debtor's Motion to Reopen to Add Creditor and Obtain Discharge (BK Doc. 37). It appears that no notice and hearing is necessary for the resolution of this Motion. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

The Debtor in this case filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 15, 2008. On March 13, 2008 the Trustee issued his Final Report of No Distribution. On June 10, 2008 the case was closed without a discharge for the Debtor's failure to file the Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object.

On October 2, 2008 the Debtor filed the Motion to Reopen seeking to have the case reopened in order to file the Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object so that the Debtor can obtain a discharge. The Motion to Reopen also seeks to add a pre-petition debt which was not included on the originally filed schedules. The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. § 727. That section provides that the debtor is "discharged...from all debts that arose before the date of the order for relief." Nothing in section 727 prevents an unscheduled debt from being discharged. There is no indication that either the debtor or the creditor wish to file an adversary proceeding regarding the dischargeability of the debt in question. Therefore, the Court concludes that as to the request to

reopen to add a creditor, cause does not exist for the case to be reopened. Once the Debtor receives a discharge in this case, any debts which are dischargeable under section 727 will be discharged, whether they were scheduled or not.[1]

As to the second reason for reopening the case, to file the Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object, it appears the motion is due to be granted in part to allow the Debtor to file said document.[2] Accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion to Reopen is **DENIED** in so far as the Motion seeks to reopen to add a creditor, and the Motion to Reopen is **GRANTED** as to the request to file the Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object unless a creditor or party in interest objects within 20 days of the date of the entry of this Order. In the event an objection to the Motion to Reopen is filed, a hearing will be scheduled by a subsequent notice.

Dated this the 6th day of October, 2008.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge

---

[1] The Court would cite the parties to the decision on this issue which was previously entered in In re Coleman, Case No. 93-03514-TOM-7, December 29, 1995, for a more in depth analysis on the issue of reopening Chapter 7 cases to amend schedules.

[2] Debtor's attorney should file the Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object as a separate docket entry.